**ZHONG SONG ZHOU, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

**No. 07–2121–ag.**

United States Court of Appeals, Second Circuit.

Nov. 5, 2009.

Theodore N. Cox, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; James E. Grimes, Senior Litigation Counsel; Janice K. Redfern, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Zhong Song Zhou, a native and citizen of the People's Republic of China, seeks review of an April 19, 2007 order of the BIA denying his motion to reopen his removal proceedings. *In re Zhong Song Zhou*, No. A073 180 818 (B.I.A. Apr. 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008).

We find that the agency did not abuse its discretion in denying Zhou's untimely and number-barred motion to reopen because we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. B.I.A.*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). The BIA reasonably found that the birth of Zhou's children constituted a change in personal circumstances. *See Wei Guang Wang*, 437 F.3d at 273.

To the extent that Zhou relies on documents submitted in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006), which are not in the record, our review is limited to the administrative record, and we will not remand for consideration of such evidence. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir.2007); 8 U.S.C. § 1252(b)(4)(A) ("the court of appeals shall decide the petition only on the

administrative record on which the order of removal is based"). Finally, Zhou's argument that he is entitled to file a successive asylum application is foreclosed by the Court's decision in *Yuen Jin v. Mukasey*, 538 F.3d 143 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).